FILED
2015 Jan-21  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA L. FEAGINS, an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Civil Action No.:** |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, a corporation; | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2. The Plaintiff was sued by Defendant for a debt Plaintiff did not owe.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

3.   The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

4.   This is the pattern of collection activity by Defendant Portfolio Recovery Associates, LLC in its collection lawsuits in Alabama.

5.   The Plaintiff won the lawsuit.

## JURISDICTION

6.   Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

7.   Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8.   Venue is proper as Defendant does business in this judicial district.

## PARTIES

9.   Plaintiff  Joann McGill (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   Defendant Portfolio Recovery Associates, LLC, ("Defendant" or "PRA[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.   It is a "debt collector" under the FDCPA.   It is incorporated in Delaware and has its principal place of business in Virginia.

## BACKGROUND INFORMATION ON DEBT BUYER LAWSUITS  BY PRA IN ALABAMA

11.   This case represents a growing trend in the debt collection and credit reporting industries.

12.   First, a debt buyer such as PRA which claims to buy the Plaintiff's debt for pennies on the dollar will sue the Plaintiff in district court.

13.   While the debt buyer will claim that it has accurate records, this is not true.

14.   The purchase agreement between the original creditor and the first debt buyer will state that there is no promise or representation as to the accuracy of the information sold to the first debt buyer.

15.   That first debt buyer cannot represent any greater quality to any subsequent debt buyer.

16.   In any event, one of the debt buyers, in this case PRA, will sue the Alabama consumer.

---

[2] "Portfolio Recovery Associates, LLC" means PRA directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

17.   PRA will hire a collection law firm to file the suit.

18.   Generally, most consumers default as they assume if a lawsuit has been filed, it must be legitimate.

19.   Occasionally, however, the consumer will file an answer and deny owing money, and PRA knows it will likely lose the case.

20.   The reason is that PRA knows that in virtually every case it will be unable (or unwilling) to prove that the consumer owes this debt to PRA.

21.   The case gets set for trial.

22.   The judge rules in favor of the consumer at the trial as PRA offered no legitimate evidence.

23.   PRA has 42 days to appeal from an adverse judgment in Alabama Circuit Court.

24.   PRA does not appeal.

25.   PRA knows that losing its case means under Alabama law that the debt is not owed by the consumer to the debt buyer.

26.   Since the debt is not owed, collection efforts must cease.

27.   Since the debt is not owed, false credit reporting has occurred by PRA.

28.   The factual allegations above relate directly to Defendant PRA concerning the filing of the lawsuit by Defendant PRA, its lack of any intent or ability to

prove its case against Plaintiff who does not owe Defendant PRA any money on this account, and Defendant PRA's collection activities against Plaintiff.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

29. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

30. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

31. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

32. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt

collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## The Circuit Court Complaint

33.   On January 30, 2014, Defendant PRA sued Plaintiff in the Circuit Court of Hale County, Alabama, with a case number of CV-2014-900018.

34.   This suit was filed by the Couch, Conville & Blitt, LLC collection law firm.

35.   In this suit, Defendant PRA asserted it was the owner of a certain debt allegedly owed by Plaintiff.

36.   Defendant PRA alleged Plaintiff owed PRA $7,458.54.

37.   Defendant PRA also claimed court costs.

38.   Defendant PRA knows that Plaintiff has never done business with Defendant PRA.

39.   No mention was made in the lawsuit that whoever sold the alleged debt to PRA disclaimed the accuracy of the records.

40.   This lawsuit, and the hundreds of other Alabama lawsuits filed by PRA every year, was filed with the intention of getting settlements from pro se

consumers and default judgments on debts that Defendant PRA cannot and will not prove it has any right to collect on.

41. Another intention of Defendant PRA was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

42. Defendant PRA knew Plaintiff did not owe the debt sued on.

43. Defendant PRA made numerous misrepresentations and false statements in the lawsuit.

44. Defendant PRA misrepresented that a debt was owed – none was owed by Plaintiff to Defendant PRA.

45. Defendant PRA misrepresented the amount owed when Plaintiff owed Defendant PRA nothing on this account.

46. Defendant PRA misrepresented that Defendant PRA had standing and the right to bring the lawsuit when Defendant PRA did not have standing and did not have the right to bring the lawsuit.

47. Defendant PRA did not own the debt at the time the lawsuit was filed.

48. Defendant PRA did not own the debt at any time the lawsuit was pending.

49. This suit was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant

PRA in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers.

## Plaintiff Answers The PRA Lawsuit

50.   Plaintiff did not and does not owe the debt to PRA.

51.   Plaintiff filed an Answer denying the allegations of Defendant PRA.

52.   The Answer was filed on August 16, 2014 by Plaintiff.

53.   Defendant PRA received a copy of this denial.

54.   Defendant PRA understood that Plaintiff was refusing to pay on this debt.

55.   Defendant PRA understood that Plaintiff disputed this debt.

56.   Defendant PRA knew Plaintiff did not owe this debt.

57.   Defendant PRA made a conscious choice to continue to allow the lawsuit to move forward even though Defendant PRA knew that there was no merit to the case, but Defendant PRA sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant PRA.

## PRA Loses The Collection Case

58.   On October 15, 2014, Circuit Court Judge Jack W. Meigs entered a judgment for Plaintiff Feagins.

59.   Defendant PRA offered no admissible evidence that Plaintiff owed Defendant PRA or that Defendant PRA owned the debt sued on.

60.   Judge Meigs ruled in favor of Plaintiff McGill.

61.   This ended the case Defendant PRA filed against Plaintiff.

### Defendant PRA Falsely Credit Reports on Plaintiff's Credit

62.   Credit reporting by Defendant PRA occurred before, during, and after the collection lawsuit.

63.   Defendant PRA knew, or should have known, that its credit reporting was false, violating 15 USC § 1692e(8) and state law.

64.   Defendant PRA knew that Plaintiff did not owe Defendant PRA any money on this debt.

65.   Defendant PRA knew that Defendant PRA did not own the debt being credit reported.

66.   PRA knew this debt was disputed but refused to report this.

67.   Even after losing, Defendant PRA still reported this account as being owed to PRA when PRA knew this was false.

68.   The reason for the false credit reporting was to force the Plaintiff into paying a debt not owed.

### Remaining Factual Allegations Against Defendant PRA

69.   Defendant PRA is not the owner of this alleged debt.

70.   Defendant PRA has collected against Plaintiff when Plaintiff did not owe any money to Defendant PRA on this account.

71.    Defendant PRA has misrepresented the debt to Plaintiff.

72.    This includes the amount of the debt as none is owed.

73.    This includes the legal status of the debt as none is owed.

74.    Defendant PRA has threatened to take action it knows is illegal for Defendant PRA to take.

75.    This includes suing on a debt it knew Plaintiff did not owe, proceeding to trial when Defendant PRA knew at the time and continues to know that it has no right to proceed to trial on a debt it does not own and that Plaintiff does not owe, and falsely credit reporting a debt.

76.    Defendant PRA knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant PRA did not own the debt, by false credit reporting, by misrepresenting numerous facts in the lawsuit, and by all other wrongful acts described in this Complaint.

77.    Plaintiff did not and does not owe this money to Defendant PRA.

78.    The debt being collected is a consumer debt as defined by the FDCPA.

79.    Plaintiff is a "consumer" as defined by the FDCPA.

80.    Defendant PRA is a "debt collector" as defined by the FDCPA.

81. Defendant PRA refused to give Plaintiff all required notifications and disclosures under the FDCPA, including those required by 1692e(11) and 1692g.

82. Defendant PRA has been repeatedly sued in Alabama for filing suits with no basis to do so.

83. Defendant PRA has been repeatedly sued in Alabama for false credit reporting on debts not owed by Alabama consumers.

84. Defendant PRA has full knowledge of what it is doing by filing bogus lawsuits and illegal collection activities.

85. Defendant PRA knows that it is suing Alabama consumers who do not owe the debts being sued upon.

86. Defendant PRA knows that it is suing Alabama consumers on debts that Defendant PRA does not own.

87. Defendant PRA is counting on the fact that many Alabama consumers will not answer and so default judgments will be entered.

88. This type of "scattershot" litigation strategy is improper, deceptive, and abusive.

89. Defendant PRA knows that its "scattershot litigation" is improper but it has decided that this is the most effective way to obtain money from Alabama consumers who do not owe the money to Defendant PRA.

90.   The conduct of the Defendant PRA has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

91.   It is a practice of the Defendant PRA to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

92.   Defendant PRA knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

93.   All actions taken by employees, agents, servants, or representatives of any type for the Defendant PRA were taken in the line and scope of such individuals' employment, agency or representation.

94.   This includes collection counsel for Defendant PRA who in all ways conducted themselves in the line and scope of their agency and representation of Defendant PRA.

95.   All actions taken by the Defendant PRA were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or

that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

96.   Defendant PRA has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant PRA is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

97.   Defendant PRA is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

98.   All of the above-described collection activities made to Plaintiff by Defendant PRA were made in violation of the FDCPA, including (but not limited to) §§1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

99.   The above-detailed conduct by the Defendant PRA of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

100. This series of abusive collection actions by Defendant PRA caused Plaintiff stress and anguish.

101. Defendant PRA's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

102. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

103. Defendant PRA negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

104. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

105. Section 1692d states "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

106. Defendant PRA violated Section 1692d by collecting this debt as alleged in this Complaint.

107. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109. Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

110. Defendant PRA violated Section 1692e by collecting this debt as alleged in this Complaint.

111.  As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT III.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

112.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

113.  Section 1692e(2) states "The false representation of the character, amount, or legal status of any debt;"

114.  Defendant PRA violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

115.  As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT IV.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

116.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

117. Section 1692e(8) states "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

118. Defendant PRA violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

119. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

120. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

121. Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

122. Defendant PRA violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

123. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(11)

124. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

125. Section 1692e(11) is a failure to provide warnings and disclosures that Defendants are debt collectors attempting to collect debts.

126. Defendant PRA violated Section 1692e(11) by collecting this debt as alleged in this Complaint.

127. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

128. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

129.   Section 1692f states "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

130.   Defendant PRA violated Section 1692f by collecting this debt as alleged in this Complaint.

131.   As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

132.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

133.   Section 1692f(1) states "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

134.   Defendant PRA violated Section 1692f(1) by collecting this debt as alleged in this Complaint.

135.   As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

136. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

137. Section 1692g states written notice must be sent to consumer informing consumer of certain rights under the FDCPA.

138. Defendant PRA violated Section 1692g by collecting this debt as alleged in this Complaint.

139. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant PRA.

## COUNT X.

## INVASION OF PRIVACY

140. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

141. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant PRA violated Alabama state law as described in this Complaint.

142. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

143. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

144. Defendant PRA intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

145. Defendant PRA intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

146. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

147. The conduct of Defendant PRA, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant PRA which occurred in a way that would be highly offensive to a reasonable person in that position.

148. This conduct includes the filing of a public lawsuit against Plaintiff.

149. A public lawsuit that has no merit and Defendant PRA knew at the time it filed the lawsuit that it had no merit.

150. Defendant PRA has continued to publicly state through credit reporting that Plaintiff owes the debt to Defendant PRA when Defendant PRA knows this is untrue.

151. All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant PRA in its campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

152.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant PRA.

153.   All acts of Defendant PRA were committed with malice, intent, wantonness, and/or recklessness and as such Defendant PRA is subject to punitive damages.

## COUNT XI.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

154.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

155.   Defendant PRA's collectors are allowed and encouraged to break the law in order to collect debts.

156.   This includes all of the violations of the law described in this Complaint.

157.   Defendant PRA is aware of the wrongful conduct of its collectors.

158.   Defendant PRA negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant PRA is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT XII.

## WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

159.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

160.  Defendant PRA had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

161.  Defendant PRA had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

162.  Defendant PRA acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

163.  Defendant PRA violated all of the duties Defendant PRA had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

164.  It was foreseeable, and Defendant PRA did in fact foresee it, the actions of Defendant PRA would lead and did lead to the exact type of harm suffered by Plaintiff.

165.  Defendant PRA acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

166. Defendant PRA invaded the privacy of Plaintiff as set forth in Alabama law.

167. Such malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

168. As a result of this conduct, action, and inaction of Defendant PRA, Plaintiff has suffered damages as set forth in this Complaint.

## COUNT XIII

## MALICIOUS PROSECUTION AGAINST DEFENDANT PRA

169. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

170. Defendant PRA instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

171. Defendant PRA continued to prosecute the case with no reasonable basis to do so.

172. Defendant PRA filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

173. Defendant PRA instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant PRA money on a non-existent debt.

174. The malicious plan of Defendant PRA included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant PRA tried to accomplish this by the Defendant PRA's malicious and abusive actions.

175. Throughout the entire illegal lawsuit against Plaintiff, Defendant PRA knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant PRA knew it was not entitled to receive.

176. The litigation against Plaintiff filed by Defendant PRA eventually resulted in adjudication in favor of Plaintiff.

177. The illegal and improper actions of the Defendant PRA constitutes malicious prosecution.

178. This is the pattern and practice of Defendant PRA – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant PRA.

179. The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant PRA's malicious prosecution.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against all Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**

**Please serve Defendant at the following address:**

Portfolio Recovery Associates, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104